'                    **UNITED STATES DISTRICT COURT**
                 **FOR THE EASTERN DISTRICT OF MICHIGAN**
                              **SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                Case No. 08-20104

MIKE DENO BROWN,

       Defendant.
                                       /

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Pending before the court is Defendant Mike Deno Brown's September 15, 2008 "Motion to Dismiss." The government filed a response on September 18, 2008. For the reasons stated below, the court will deny Defendant's motion.

### I. BACKGROUND

In August of 2007, Defendant was serving a fourteen-month sentence at the United States Penitentiary Hazelton, in Bruceton Mills, West Virginia. (Def.'s Mot. at 2.) On August 22, 2007, Defendant was released from that prison and allowed to board a bus, unescorted, bound for the Monica House correctional center in Detroit, Michigan. (*Id.*) The government contends Defendant never arrived at the Detroit correctional center. (Pl.'s Resp. at 1.) Defendant was arrested on unrelated criminal charges in Roseville, Michigan, on September 23, 2007. (Def.'s Mot. at 2.) Though the dates are somewhat unclear, Defendant was transferred to United States Marshal custody in mid-October, 2007 and returned to West Virginia.[1]

---

[1] Defendant claims, "around October 7, 2007 [Defendant] was picked up by the U.S. Marshalls Service and taken to Milan Federal Detetion Center, where he was held

On November 6, 2007, Defendant was indicted in the United States District Court for the Northern District of West Virginia and charged with Defendant with a violation of 18 U.S.C. § 751(a) for "knowingly escap[ing] the custody of the Attorney General of the United States . . . ." (Def.'s Mot., Ex. A.) Defendant was arraigned in West Virginia on November 28, 2007. On December 17, 2007, Defendant filed a "Motion to Dismiss for Lack of Proper Venue," to which the government responded in opposition on January 3, 2008. Shortly thereafter, on January 14, 2008, a complaint was sworn to Magistrate Judge Virginia Morgan of the United States District Court for the Eastern District of Michigan. (Def.'s Mot. at 3.) The next day, the government filed a dismissal against Defendant in Northern District of West Virginia, in which the government stated, "although the United States has contested the defendant's motion, it is more economical . . . to prosecute the defendant in the . . . Eastern District of Michigan." (1/15/08 Dismissal.) The Northern District of West Virginia granted the dismissal the same day.

Defendant remained in custody and was moved to the Eastern District of Michigan between January 23 and February 1, 2008. (Pl.'s Resp. at 2.) He was indicted on the same violation of 18 U.S.C. § 751(a) on February 27, 2008. (*Id.*) Defendant contends his Michigan indictment on February 27, 2008, violated his right to an indictment within thirty days of his November 28, 2007 arraignment in West Virginia. (Def.'s Mot. at 3.)

---

for about two weeks . . . On or about October 21, 2007 the Marshalls Service flew Defendant to [West Virginia.]" (Def.'s Mot. at 2.) The government contends Defendant was not in Marshals Service custody until October 15, 2007. (Pl.'s Resp. at 2.) The difference between the two accounts does not affect the disposition of Defendant's motion.

## II. DISCUSSION

Defendant claims a violation of 18 U.S.C. § 3161, more commonly known as the "Speedy Trial Act." The Act defines a rigid clock to measure the time a defendant remains confined after arrest, and requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges." 18 U.S.C. § 3161(b). A violation of the Act leads to dismissal, which may be with or without prejudice, at the court's discretion and in consideration of defined factors. 18 U.S.C. § 3161(a)(1). The Act also provides that,

> If any indictment . . . is dismissed upon motion of the defendant, or any charge contained in a complaint . . . is dismissed . . ., and thereafter a complaint is filed against such defendant . . . charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode . . . the provisions [requiring thirty days from arrest to indictment] shall be applicable with respect to such subsequent complaint, indictment . . . .

18 U.S.C.A. § 3161(d)(1)

The Sixth Circuit joins those other courts which interpret the provision to mean a dismissal, without prejudice and regardless of the movant, leads to a new clock for Speedy Trial purposes. *United States v. May*, 771 F.2d 980, 982 (6th Cir. 1985) (per curiam); *Smith v. Booker*, No. 05-cv-40291, 2006 WL 3313763, *8 (E.D. Mich. Nov. 14, 2006); *United States v. Dorman*, 752 F.2d 595, 597 (11th Cir. 1985); *United States v. Bittle*, 699 F.2d 1201, 1205 (D.C. Cir. 1983); *United States v. Krynicki*, 698 F.2d 289, 293-94 (1st Cir. 1982). Once a new arrest is made, the time period under 18 U.S.C. 3161(b) starts anew.[2] *May*, 771 F.2d at 982.

---

[2] The court notes, as did the *May* court, 771 F.2d at 983, that an unscrupulous prosecutor could take advantage of the Sixth Circuit approach to carelessly indict a defendant and rely on a reset of the Speedy Trial clock if the complaint is dismissed.

Applying the Sixth Circuit's interpretation here, there is no violation of Defendant's Speedy Trial right. His prior indictment was dismissed on January 15, 2008.[3] (1/15/08 Dismissal.) After that time, he was in United States Marshal custody until his current indictment, in the Eastern District of Michigan, was filed on February 27, 2008. (Pl.'s Resp. at 2.) This provides an initial period of forty-three days that elapsed on Defendant's "new" Speedy Trial clock. The Act, however, excludes time from the calculation which meets certain criteria. 18 U.S.C. § 3161(h). Defendant does not contest his transport from West Virginia to Michigan occurred over a nine-day period. (Pl.'s Resp. at 5.) The "delay resulting from the transportation of any defendant from another district" is excluded, except that any such delay cannot exceed ten days. 18 U.S.C. § 3161(h)(1)(H). Therefore, Defendant's clock is reduced nine days to a new total of thirty-four days.

---

This risk is mitigated by the courts ability to dismiss a complaint with prejudice, pursuant to 18 U.S.C. § 3162(a)(1). Further, the drafting committee noted this risk and reasoned the court's discretion would curb prosecutorial abuse,

> The Committee is concerned that [18 U.S.C. § 3161(d)(1)] not be used to evade the speedy trial time limits set out in this Act. The prosecutor should not be able to avoid the speedy trial time limitations when his carelessness in preparing the original complaint or indictment has resulted in a dismissal under this section. Therefore, when a judge dismisses an original information or indictment on other than speedy trial grounds he should, nevertheless, take into consideration the defendant's right to speedy trial under the statute and under the Constitution. For example, the judge might want to order that the original dismissal be with prejudice so that the prosecutor could not reindict several months after a carelessly drawn indictment has been dismissed.

S. Rep. No. 93-1021, at 33 (1974).

[3] Importantly to the subsequent analysis, the Northern District of West Virginia's dismissal contains no mention of it being "with prejudice." (1/15/08 Dismissal.) The court will not read a dismissal "with prejudice" into the order because neither Defendant's December 17, 2007 "Motion to Dismiss for Lack of Proper Venue" nor the government's January 15, 2008 "Motion to Dismiss" contains such a provision.

Defendant made an initial appearance for the new indictment on February 8, 2008. (2/28/08 Appearance.) At the same time, the government filed a pretrial motion to detain Defendant. (2/28/08 Order of Temporary Detention, "Upon motion of the government, it is ORDERED that a detention hearing is set of 2/11/08 . . . .") Any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on . . ." is excluded from the Speedy Trial clock. 18 U.S.C. § 3161(h)(1)(F). The government's motion was not heard until February 15, 2008. (2/15/08 Minute Entry.) Thus, the seven days between the filing of the government's motion and its resolution are also excluded from Defendant's Speedy Trial clock. This further reduces Defendant's clock to twenty-seven days. No further time is excludable before Defendant's February 27, 2008 indictment. Only twenty-seven days are properly accrued between the end of Defendant's prior indictment (which "reset" his clock, *May*, 771 F.2d at 982), his immediate custody by the United States Marshals, and his new indictment in Michigan. A twenty-seven day period is within the requirement of 18 U.S.C. § 3161(b), and thus no violation has occurred. Accordingly,

IT IS ORDERED that Defendant's "Motion to Dismiss" [Dkt. # 24] be DENIED.

    s/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated: October 7, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 7, 2008, by electronic and/or ordinary mail.

    s/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522