**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 08-20104

MIKE DENO BROWN,

    Defendant.
                                        /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR A REDUCTION OF SENTENCE**

Pending before the court is Defendant Mike Deno Brown's motion for a reduction of sentence. The Government has not filed a response to the motion, but the court determines no response is necessary. The court concludes that a hearing on the motion is not necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny the motion.

On October 22, 2008, Defendant pled guilty to violating 18 U.S.C. § 751(a) by escaping from custody. On November 26, 2008, Defendant was sentenced to eighteen months imprisonment, to be followed by two years supervised release. Defendant has currently served most of this sentence, and has apparently undergone drug abuse treatment during this time. On December 14, 2010, Defendant mailed the instant motion, asking the court to reduce his sentence in order to avoid unnecessary expense from his continued incarceration.

Reductions and other modifications of sentences of imprisonment are governed by 18 U.S.C. § 3582(c). *Dillon v. United States*, 130 S.Ct. 2683, 2690 (2010); *United*

States v. Perdue, 572 F.3d 288, 290-91 (6th Cir. 2009). That section states that a "court may not modify a term of imprisonment once it has been imposed," unless one of three situations exists. 18 U.S.C. § 3582(c). First, a court may modify a sentence if, "upon motion of the Director of the Bureau of Prisons," it finds extraordinary circumstances that compel a reduction. 18 U.S.C. § 3582(c)(1)(A). Defendant has not satisfied the prerequisite of a motion by the Director of the Bureau of Prisons. This court may not, therefore, grant the motion on that ground. Second, a court may modify a sentence if "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). No other statute expressly grants the court power to modify Defendant's sentence, and Rule 35 permits reduction only "[u]pon the government's motion." Fed. R. Crim. P. 35(b)(2). Again, Defendant has failed to satisfy the prerequisite of a motion by the Government. Third, a court may modify a sentence, "on its own motion," where a subsequent change to the sentencing guidelines would have indicated a lower sentencing range for the Defendant. 18 U.S.C. § 3582(c)(2). As no such change in the sentencing guidelines have occurred, the court is not permitted to reduce Defendant's sentence under this subsection. As none of the three exceptions to the general prohibition in § 3852 apply, the court is not permitted to modify Defendant's sentence. Accordingly,

IT IS ORDERED that Defendant's motion for a sentence reduction [Dkt. # 47] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 22, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 22, 2010, by electronic and/or ordinary mail.

                                          S/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522